UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FAREED SEPEHRY-FARD,<br><br>    Plaintiff,<br><br>v.<br><br>SELECT PORTFOLIO SERVICES, INC., et al.,<br><br>    Defendants. | Case No. 5:16-mc-80112-EJD<br><br>**ORDER DENYING "MOTION TO RECUSE;" DENYING "ADMINISTRATIVE MOTION TO VACATE VOID ORDER," DENYING "REQUEST FOR MANDATORY JUDICIAL NOTICE"**<br><br>Re: Dkt. Nos. 3, 4, 5 |

Plaintiff Fareed Sepehry-Fard ("Plaintiff") has been declared a vexatious litigant and is subject to a pre-filing order which requires him to "obtain leave before filing any action in the United States District Court for the Northern District of California related to the foreclosure of his property located at 18314 Baylor Avenue, Saratoga, California 95070." Order, Dkt. No. 58, Case No. 5:14-cv-051423-LHK. On May 18, 2016, Plaintiff submitted a "Verified Complaint" to this court, which was referred to the undersigned as a general duty matter pursuant to the pre-filing order. The court reviewed the pleading according to the pre-filing order, found the proposed action duplicative and frivolous, and denied Plaintiff leave to file it. Dkt. No. 2.

Presently before the court are three subsequent matters filed by Plaintiff: (1) a document entitled "Plaintiff's Motion to Recuse - Bias or Prejudice," (2) another document entitled "Administrative Motion to Vacate Void Order," and (3) a document entitled "Plaintiff's Request for Mandatory Judicial Notice." Dkt. Nos. 3, 4, 5. These matters are suitable for decision without a hearing. Having reviewed them, the court finds, concludes and orders as follows:

1. The "Motion to Recuse" appears to arise under 28 U.S.C. § 455. According to that

1

Case No.: 5:16-mc-80112-EJD
ORDER DENYING "MOTION TO RECUSE;" DENYING "ADMINISTRATIVE MOTION TO VACATE VOID ORDER," DENYING "REQUEST FOR MANDATORY JUDICIAL NOTICE"

statute, a district judge has a duty to disqualify himself "in any proceeding in which his impartiality might reasonably be questioned" or where "he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(a), (b)(1).

2. Notably, the standard employed to determine whether recusal is appropriate under § 455 is an objective one. Clemens v. United States Dist. Ct., 428 F.3d 1175, 1178 (9th Cir. 2005). It asks "'whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned.'" Herrington v. Cnty. of Sonoma, 834 F.2d 1488, 1502 (9th Cir. 1988) (quoting United States v. Nelson, 718 F.2d 315, 321 (9th Cir. 1983)). "The 'reasonable person' in this context means a 'well-informed, thoughtful observer,' as opposed to a 'hypersensitive or unduly suspicious person.'" Clemens, 428 F.3d at 1178 (citing In re Mason, 916 F.2d 384, 386 (7th Cir. 1990).

3. "Since a federal judge is presumed to be impartial, the party seeking disqualification bears a substantial burden to show that the judge is biased." Torres v. Chrysler Fin. Co., No. C 07-00915 JW, 2007 U.S. Dist. LEXIS 83154, at *4, 2007 WL 3165665 (N.D. Cal. Oct. 25, 2007) (citing Reiffin v. Microsoft Corp., 158 F. Supp. 2d 1016, 1021-22 (N.D. Cal. 2001)). Indeed, "[f]ederal judges are obligated not to recuse themselves where there is no reason to question their impartiality." New York City Housing Develop. Corp. v. Hart, 796 F.2d 976, 980 (7th Cir. 1986).

4. As the court understands it, Plaintiff's motion is based on three primary allegations. First, he asserts the undersigned was "bribed" and was disqualified from determining whether his proposed action was barred by the prefiling order because of some purported partnership or conspiracy with Judge Lucy H. Koh "to aid and abet Defendants to continue to steal monies and properties from Plaintiff." This speculative allegation is not sufficient to justify recusal under § 455. See Clemens, 428 F.3d at 1178-79 (holding that "[r]umor, speculation, beliefs, conclusions, innuendo, suspicion, opinion, and similar non-factual matters" are not ordinarily sufficient to require a § 455 recusal). Nor is the fact that Plaintiff attempted to sue another judge of this court.

2

Case No.: 5:16-mc-80112-EJD
ORDER DENYING "MOTION TO RECUSE;" DENYING "ADMINISTRATIVE MOTION TO VACATE VOID ORDER," DENYING "REQUEST FOR MANDATORY JUDICIAL NOTICE"

See id. (holding that recusal is not required because of "mere familiarity with the defendant(s)").

5. Similarly, Plaintiff cannot seek the undersigned's recusal based on rulings made in prior actions involving Plaintiff. To be sure, "[b]ias under 28 U.S.C. § 455 must derive from extrajudicial sources." Herrington, 834 F.2d at 1502; accord Liteky v. United States, 510 U.S. 540, 555 (1994) (holding that judicial rulings alone are not a valid basis for a recusal motion as they do not establish reliance on an extrajudicial source).

6. Furthermore, there is no legal basis for Plaintiff's theory that the undersigned "gave tacit agreement" of a "lifetime bar" from presiding over cases involving Plaintiff. Instead, "[d]isqualification is case-specific; the statute does not put a whole subject matter out of bounds to a judge with no concrete investment in a particular dispute." Guardian Pipeline, L.L.C. v. 950.80 Acres of Land, 525 F.3d 554, 557 (7th Cir. 2008).

Thus, for the reasons explained, the "Motion to Recuse" is DENIED. The "Administrative Motion to Vacate" is also DENIED because it is based on the same disqualification theory. The "Request for Mandatory Judicial Notice" is DENIED because the documents attached to that motion are not the proper subjects for such relief.

**IT IS SO ORDERED.**

Dated: June 14, 2016



EDWARD J. DAVILA
United States District Judge
3
Case No.: 5:16-mc-80112-EJD
ORDER DENYING "MOTION TO RECUSE;" DENYING "ADMINISTRATIVE MOTION TO VACATE VOID ORDER," DENYING "REQUEST FOR MANDATORY JUDICIAL NOTICE"